**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 18a0104n.06

**Case No. 17-1842**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

Mar 01, 2018

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| IN RE: RICHARD DOUD, | ) | |
| Respondent. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| _____ | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| RICHARD DOUD, | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| MICHIGAN ATTORNEY GRIEVANCE | ) | |
| ADMINISTRATOR, | ) | |
| Appellee. | ) | |
| | ) | |

**BEFORE: COOK, McKEAGUE, and STRANCH, Circuit Judges.**

**McKEAGUE, J., delivered the opinion of the court in which COOK, J., joined, and STRANCH, J., joined in the result.**

**McKEAGUE, Circuit Judge.** A lawyer's good name and professional reputation are his primary stock in trade, an asset to be cultivated and safeguarded throughout his career—even after ceasing the active practice of law. In an era when lawyers are often held in popular disdain, every lawyer should be vigilant to promote the integrity of the profession and the justice system in which we serve. Lawyers do this primarily in their day to day practice through how they meet and counsel clients in need; through how they advocate on their clients' behalf, in communications written and oral, with other lawyers and various tribunals; and through how

they refrain from associating their good name with causes and arguments that would bring them and the profession into disrepute.

This case presents a sad example of a decent lawyer, who, in the autumn of a successful career, became careless in permitting the use of his name for improper purposes and needlessly brought dishonor on himself, his firm, the profession, and the justice system. In this appeal, the sadness is compounded by the lawyer's refusal to acknowledge his own misfeasance and his insistence on blaming others. Finding that the appellate arguments warrant only short shrift, we summarily affirm the order of discipline.

**I**

Michigan attorney Richard J. Doud appeals from a disciplinary decision of a three-judge panel of the United States District Court for the Eastern District of Michigan. In an opinion and order dated June 23, 2017, the panel found that Doud had violated Michigan Rules of Professional Conduct and suspended him from practicing in the district court for ninety days. Specifically, the court found that Doud, in the process of retiring from the firm in which he was a senior partner and withdrawing from the active practice of law, authorized his firm, for a period of some years, to continue submitting district court filings in his name in numerous cases (Social Security disability benefits appeals), as though he were attorney of record. Although Doud did not admit authorizing this use of his name, he did not deny it, and the finding was clearly supported by a preponderance of evidence. He acknowledged that he did not review filings made under his name and did not supervise the lawyers who actually prepared the filings. Rather, acknowledging that he *may* have authorized this use of his name, he testified that he would have done so simply as a "façade" to help the firm.

The matter came to the attention of the three-judge disciplinary panel after several Eastern District judges assigned to Social Security appeals repeatedly noted marked deficiencies in the filings under Doud's name. In some cases, critical remarks in the court's opinions were accompanied by the imposition of sanctions on Doud. In one opinion affirming the denial of benefits, the district judge observed that Doud appeared to have abandoned his client by submitting an irrelevant and professionally incompetent brief on her behalf. The judge ordered Doud to personally deliver the opinion to the client and certify to the court under oath within two weeks that he had done so. It was later established that Doud did not personally serve the opinion on the client and authorized the filing of an affidavit falsely certifying that he had.

The three-judge panel held that the above practices made out violations of Doud's duty of candor toward the tribunal and his duty to supervise attorneys who submitted filings under his name. On appeal, Doud does not challenge the district court's fact findings but objects to inferences drawn from the facts and objects to the court's application of the governing standards to the facts. He also objects to the process employed by the panel in its use of the Michigan Attorney Grievance Administrator as prosecuting counsel. We review for abuse of discretion. *See Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011).

## II

As for the procedures employed by the disciplinary panel, we find no error. Quite to the contrary, it appears the panel proceeded with all due deliberateness, thoroughness and fairness. The panel issued an order to show cause; received proposed findings and conclusions from the Grievance Administrator, and responses; conducted an evidentiary hearing on June 8, 2016 (wherein Doud had ample opportunity to explain his conduct and answer questions from the bench); and received supplemental filings from the parties. The panel then took care to explain

its findings and conclusions in its 20-page opinion and disciplinary order. Doud contends that the panel exceeded its authority after the June 2016 evidentiary hearing by ordering supplemental proceedings and supplemental briefing—because it was not satisfied with the adequacy of the Grievance Administrator's initial proposed findings and conclusions.

The supplemental proceedings were an entirely reasonable outgrowth of matters that emerged in the hearing and warranted further clarification before the court ruled. There was no abuse of process or authority by the panel in exercising its inherent power to discipline an officer of the court who *purported* to appear before it. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–47 (1991) (discussing courts' inherent powers).

Doud's arguments that the panel drew unfair inferences from the facts and unfairly applied the governing ethical standards to the facts, are not only meritless; they are disturbingly oblivious to the incriminatory significance of the undisputed facts. Doud does not deny that he authorized his firm to use his name on court filings even as he admits that he did not prepare or review the filings or supervise the lawyers who did. He simply fails to see how this practice is misleading or in breach of his duty of candor to the court. Nor does Doud seem to understand how his submission of an affidavit falsely certifying *personal* compliance with a court order is problematic. He would prefer to characterize the identified shortcomings as the product of miscommunication or a lack of attention as he transitioned to retirement in Florida. In short, Doud's continuing resistance to this disciplinary action and stubborn refusal to acknowledge his leading role in the failings merely serve to underscore the appropriateness of the discipline ordered.

### III

Accordingly, having duly considered the lower court proceedings and order of discipline in light of Doud's appellate arguments, and finding that the lower court proceedings were conducted fairly and properly in the exercise of the court's inherent powers, and finding no abuse of discretion in the panel's decision to impose a temporary suspension, we **AFFIRM** the disciplinary order of the district court for the reasons set forth in its opinion.